UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERENCE WILLIS, | ) | CASE NO.  5: 10 CV 185 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| W.W. GRAINGER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

A dispute arose at the case management conference held in this matter concerning Plaintiff's obligation to disclose the identity of a witness Plaintiff maintains has knowledge that Plaintiff's supervisor used racial slurs toward Plaintiff.  Plaintiff's counsel disclosed that such a witness exists at the CMC; Plaintiff's initial disclosures did not disclose the information.  In an effort to expedite discovery and the general prosecution of the case, the Court asked Plaintiff's counsel to identify this witness at the CMC, but Plaintiff's counsel refused.  Plaintiff maintained that such information was not discoverable at the initial disclosure stage and constituted attorney work product.  The parties have now briefed the issue for the Court.

The Court has considered the parties' briefs and arguments and finds that the identity of the witness at issue must be disclosed.

Fed. R. Civ. P. 26(a) requires the automatic initial disclosure of four categories of information, including disclosure of witnesses likely to have discoverable information that the disclosing party may use to support its claims.  Specifically, Fed. R. Civ. P. 26(a)(1)(A)(i) provides:  "Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties . . . the

1

name and, if known, the address and telephone number of each individual likely to have discoverable information– along with the subjects of that information– that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

There is no dispute that Plaintiff intends to use the testimony of the witness at issue to support his claims.  Accordingly, the identity of the witness "along with the subjects of . . . information" of which the witness is likely to have knowledge must be disclosed under Rule 26.  Furthermore, the Advisory Committee Notes to Rule 26 make clear that the Court may require disclosure of additional information in "[c]ase-specific orders."  Advisory Committee Notes on the 2000 Amendment to Rule 26.

Plaintiff's counsel maintains that the information he provided in his initial disclosures (listing the name of the witness at issue but not specifically matching the witness with the subject matter of his anticipated testimony– racial slurs) is all that is required at the initial disclosure stage.  Plaintiff contends he need not disclose more information at this juncture because it will compromise attorney work product.  This argument is not persuasive.

The attorney work product doctrine shields the mental processes of an attorney.  *Hickman v. Taylor*, 329 U.S. 495, 512 (1947).  However, Plaintiff is not being asked to reveal his attorney's mental processes here.  He is not being asked to reveal his attorney's mental impressions of the witness or any other strategic or tactical matter.  Rather, Plaintiff is being asked to reveal what is essentially a factual matter, the identity of a witness known to Plaintiff having knowledge of racial slurs.  Providing this information would not provide any insight into counsel's thought processes.

Furthermore, as the court found in *In re Harmonic, Inc. Securities Litigation*, 245 F.R.D. 424, 428 (N.D. Ca. 2007), while there are some instances where the timing or sequencing of disclosures may affect counsel's strategy, this is not the case where, as here, a litigant withholds identifying a witness who was listed among a list of witnesses provided in initial disclosures. The attorney work product privilege is not implicated because the only effect of withholding the information in this context "is to force the Defendants to expend resources on taking the depositions of [all the witnesses listed in the initial disclosures] in order to obtain the information." *Id*.

The information is discoverable and is not protected by the work-product privilege. *See In re Harmonic*.

In addition, even if the identity of the witness were protected work product, the Court also agrees with the finding of the court in *In re Harmonic* that any substantive content of such work product is minimal and is outweighed by Defendant's need for and interest in the highly relevant information and the value of expediting the litigation. *See id*. at 429.

For all of the foregoing reasons, Plaintiff's objection to providing the requested information is not well-taken.  Plaintiff is hereby ordered to disclose to Defendant forthwith the name and known address and/or telephone number of the witness having knowledge of racial slurs used by Defendant toward Plaintiff so that pertinent discovery can proceed in the case. Further, the Case Management Plan and Order (Doc. 11) is hereby amended to allow Defendant to depose this witness.  In addition, Plaintiff is directed to file a notice certifying compliance with this Order.

IT IS SO ORDERED.

Date:  April 21, 2010               */s/ John R. Adams*
                 JOHN R. ADAMS
                 United States District Judge